UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>V.<br><br>ERNEST B. RAY,<br>    Defendant. | CRIMINAL NO. 7:19-03-KKC<br><br>**OPINION AND ORDER** |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on defendant Ernest B. Ray's motion (DE 44) to release him from the Pike County Detention Center where he is in custody awaiting sentencing. Ray asks to be put on home confinement instead. He asserts that, due to underlying health conditions, he faces a high risk of infection from the novel coronavirus disease COVID-19.

Ray has pleaded guilty to five counts of recruiting and enticing minors to engage in a commercial sex act in violation of 18 U.S.C. § 1591(a)(1) and (b)(1). In connection with those charges, the indictment also originally charged Ray with six counts of illegally distributing marijuana, ecstasy, buprenorphine, alprazolam, oxycodone, and hydrocodone.

At his initial appearance, the United States orally moved that Ray be detained, and the magistrate judge set a detention hearing for Monday, March 11, 2019. On March 8, however, Ray moved to continue the detention hearing, stating that he wanted additional time to review the discovery. The magistrate judge granted that motion and continued the hearing generally, noting that Ray had a right to move at any time for release.

On June 14, 2019, Ray moved for rearraignment. The magistrate judge presided over the rearraignment proceeding at which Ray pleaded guilty to the five § 1591 counts. Pursuant to the plea agreement (DE 30), the government will move at sentencing to dismiss the drug counts.

The Court adopted the magistrate judge's recommendation to accept Ray's guilty plea. Sentencing was set for April 9, 2020. On March 23, 2020, however, Chief Judge Danny Reeves entered a general order continuing generally all hearings in criminal cases, including sentencings, due to the restrictions imposed as a result of COVID-19.

Ray now moves to be released from the detention center until he is sentenced. The Court must detain a convicted defendant facing prison time unless the Court finds by "clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released." 18 U.S.C. § 3143(a)(1), (2).

Ray's motion is one paragraph. He does not point to any evidence that he is not likely to flee or pose a danger to the safety of other people in the community if he is released. Further, in his plea agreement, Ray conceded that, for approximately six years, he engaged in activity that inflicted harm on the community, especially minors. In brief, he provided minors with alcohol, cigarettes, money and drugs in exchange for the minors' agreement to perform sex acts in front of him. He did this knowing that the victims were minors.

Moreover, it is likely that Ray has an incentive and the means to flee if the Court were to release him. In his plea agreement, Ray acknowledges that he faces a minimum mandatory prison term of 10 years and a possible lifetime of supervised release. According to his presentence report, for many years, Ray was a realtor and repossession agent with an annual income of approximately $100,000. He has a little over $19,000 in bank accounts and owns real property worth more than $ 1 million.

Thus, the Court cannot find clear and convincing evidence that Ray is not likely to flee or pose a danger to the safety of any other person or the community if he is released

Moreover, Ray has been convicted of violating § 1591. This means that the Court must detain him *unless*, in addition to there being clear and convincing evidence that he is not likely to flee or pose a danger to the community, either 1) the Court finds that there is a substantial likelihood that it will grant a motion for acquittal or for a new trial; or 2) the government recommends that the Court not impose prison time for the conviction. *See* 18 U.S.C. §§ 3143(a)(2), 3142(f)(1)(A) (listing a § 1591 violation). Neither of those circumstances exists here.

The only grounds asserted by Ray in support of his argument that he should be released pending sentencing is that he allegedly faces a high risk for infection by COVID-19 due to underlying health issues. Nevertheless, he does not assert that any inmate or official at the Pike County Detention Center has been diagnosed with the virus. Nor does he assert that the detention center is unable or unwilling to take measures to protect inmates from infection.

For all these reasons, the Court hereby ORDERS that Ray's motion for release from detention pending sentencing (DE 44) is DENIED.

Dated April 22, 2020

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY